**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**BENJAMIN L. EAGLE** **PETITIONER**

**v.** **CASE NO.: 5:16CV00055 KGB/BD**

**SHELIA SHARP, Director,
Arkansas Department of Community Correction** **RESPONDENT**

## RECOMMENDED DISPOSITION

### I. Procedure for Filing Objections

The following Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Any party may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

## II. Jurisdiction

Petitioner Benjamin Eagle[1] brought this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #1) in the United States District Court for the District of Columbia, challenging his conviction in the Circuit Court of Pulaski County, Arkansas.[2] The District of Columbia District Court transferred the case to this Court (#3), and for the reasons set forth below, the Court recommends that the case be dismissed for lack of jurisdiction because it is an unauthorized successive petition.[3]

On December 5, 2012, Mr. Eagle filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions in Pulaski County Circuit Court for criminal attempt to commit theft of property and insurance fraud. (#1-4 at pp. 1-4) In his petition, Mr. Eagle claimed: violation of his right to a speedy trial; double jeopardy; and violation of his right to due process and equal protection. The Court denied and dismissed the petition because Mr. Eagle had procedurally defaulted his claims by failing to raise them

---

[1]Mr. Eagle's filing privileges in this Court have been restricted based on his litigation history. *Eagle v. McDaniel*, No. 4:10-cv-1512-DPM, at Document No. 9; see also *Eagle v. Henry*, 4:09-cv-320-BSM, at Document Nos. 84 and 88.

[2]A jury convicted Mr. Eagle of criminal attempt to commit theft of property and insurance fraud. (#1-4 at pp. 1-4) His original sentence was set aside, and a jury re-sentenced Mr. Eagle on May 5, 2011, to concurrent 10-year and 6-year sentences. (#1-4 at pp. 2-5, 11-12)

[3]Mr. Eagle has named the Director of the Arkansas Department of Community Correction as the Respondent in this case and claims to be in her custody. It appears from the face of the petition that Mr. Eagle is on parole. For purposes of this Recommended Disposition, the Court will assume that he is still a person "in custody" under 28 U.S.C. §2254(b)(1).

in the state courts. *Eagle v. Eberhard*, No. 5:12CV00444 KGB, 2013 WL 5531225, at *1 (E.D. Ark. Oct. 4, 2013). Mr. Eagle filed a notice of appeal, which the Eighth Circuit Court of Appeals treated as an application for a certificate of appealability and denied. *Eagle v. Eberhard*, No. 13-3296 (March 4, 2014).

The Court lacks jurisdiction to hear Mr. Eagle's instant petition. As noted, Mr. Eagle has already challenged his convictions through a federal habeas petition. Before filing a second or successive habeas corpus petition in federal court, a petitioner must seek and receive an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even where the petitioner claims actual innocence. 28 U.S.C. § 2244(b)(2)(B)(i)-(ii). Without an order from the court of appeals authorizing the filing of a second or successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[4]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003). The pending petition is

---

[4]The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

clearly successive, because Mr. Eagle has filed a prior petition challenging the same state court judgment.

**III. Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. A certificate of appealability may issue only if Mr. Eagle has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253 (c)(1)-(2). In this case, Mr. Eagle has not provided a basis for the Court to issue a certificate of appealability.

**IV. Conclusion**

The Court recommends that Judge Baker DENY and DISMISS Benjamin L. Eagle's petition for writ of habeas corpus (#1), without prejudice, for lack of jurisdiction and that his motion to proceed *in forma pauperis* (#2) be DENIED as moot. The Court further recommends that Judge Baker deny a certificate of appealability.

DATED this 25th day of February 2016.

____________________________________
UNITED STATES MAGISTRATE JUDGE